UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:21-cv-00214-FDW

| CHRISTOPHER JAMES AIKEN, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
|  | ) ORDER |
| KILOLO KIJAKAZI, *Acting Commissioner of Social Security*[1], | ) |
| Defendant. | ) |

THIS MATTER is before the Court on the following motions: (1) Claimant Christopher James Aiken's Motion for Summary Judgment, (Doc. No. 13), filed February 2, 2022; and (2) Acting Commissioner of Social Security Kilolo Kijakazi's (the "**Commissioner**") Motion for Summary Judgment, (Doc. No. 15), filed on April 1, 2022. In his motion, Claimant seeks judicial review of an unfavorable administrative decision of his application for Supplemental Social Security Income ("**SSI**") payments and Disability Insurance Benefits ("**DIB**") pursuant to 42 U.S.C. § 405(g). The motions are now ripe for review. For the reasons set forth below, Claimant's Motion for Summary Judgment is DENIED; the Commissioner's Motion for Summary Judgment is GRANTED; and the Commissioner's decision is AFFIRMED.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul, as the Commissioner in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

# I. BACKGROUND

On July 14, 2016, Claimant filed an application for Title II disability benefits and Title XVI SSI benefits for a disability with an alleged onset date of July 1, 2013. (Doc. No. 8-1, pp. 339, 346). After the Social Security Administration ("**SSA**") denied Claimant's application at the initial and reconsideration levels of review, Claimant requested a hearing. Id. at 76-89, 113, 120-22. Claimant's initial hearing took place on February 22, 2019, at which the Administrative Law Judge ("**ALJ**") rendered an unfavorable decision. Id. at 175-92. On April 24, 2020, the Appeals Council granted Claimant's subsequent request for review and issued an order remanding the case to the ALJ. Id. at 200-01. On October 2, 2020, Claimant's second hearing occurred via telephone, and on November 25, 2020, the ALJ issued a new decision again finding Claimant not disabled. Id. at 18-40. The Appeals Council denied Claimant's subsequent request for review on June 3, 2021. Id. at 1-5.

In arriving at his decision, the ALJ used the five-step sequential evaluation process for the evaluation of disability claims under the Social Security Act (the "**Act**"). Id. at 20-40. At step one, the ALJ found Claimant met the insured status requirements of the Act through March 31, 2016, and had not engaged in substantial gainful activity since July 1, 2013. Id. at 20. At step two, the ALJ found Claimant had the following severe impairments: obesity, lumbar degenerative disc disease, left knee degenerative joint disease ("**DJD**"), left shoulder impingement, affective disorder, anxiety disorder, and borderline personality disorder. Id. at 20-21. At step three, the ALJ found Claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, App. 1. Id. at 21. At step four, the ALJ concluded Claimant:

> ha[d] the Residual Functional Capacity ("**RFC**") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a), 416.967(a). The claimant is able to lift up to ten pounds occasionally and stand or walk for about two hours in an eight-hour workday and sit for up to six hours in an eight-hour workday. The claimant can never climb ladders, ropes and scaffolds; occasionally climb ramps and stairs, balance, kneel, crouch, and crawl; occasionally stoop to lift within the exertional level from the floor to the waist; and frequently stoop to lift within the exertional level from waist height and above. Left overhead reaching can be performed frequently. He can occasionally be exposed to hazards associated with unprotected dangerous machinery or unprotected heights. The claimant can concentrate, persist and maintain pace to understand, remember and carry out unskilled, routine tasks, in a low stress work environment (defined as being free of fast-paced or team-dependent production requirements), to carry out instructions furnished in written, oral, or diagrammatic form. He can deal with problems involving several concrete variables in or from standardized situations. He can adapt to occasional work place changes. He can perform jobs where the worker is largely isolated from the general public, dealing with data and things rather than people. He can perform jobs where the work duties can be completed independently from coworkers; however, physical isolation is not required. He can respond appropriately to supervision.

Id. at 24. Based on this RFC, the ALJ found Claimant could not perform his past relevant work as a dietary aid, cook helper, cashier II, retail salesclerk, or store laborer. Id. at 38-39. At step five, in considering Claimant's age, education, work experience, and RFC, the ALJ found jobs Claimant could perform existed in significant numbers in the national economy. Id. at 39. Thus, the ALJ concluded Claimant was not disabled, as defined under the Act, from July 1, 2013, through the date of the ALJ's decision. Id. at 40. Claimant has now exhausted all administrative remedies and appeals pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides judicial review of the Social Security Commissioner's denial of Social Security benefits. When examining a disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. 42

3

U.S.C. § 405(g); Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). A reviewing court may not re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [ALJ] if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). We do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," we defer to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212, 212 (4th Cir. 2017) (per curiam) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520(a)(4). Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any

4

other work in the national economy.  Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)).  The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five.  See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179-80 (4th Cir. 2016).  If the Commissioner meets her burden in step five, the claimant is deemed not disabled and the benefits application is denied.  Lewis, 858 F.3d at 862.

### III. ANALYSIS

In his Motion, Claimant raises three assignments of error and a myriad of insufficient and undeveloped miscellaneous challenges to the ALJ's decision.  (Doc. No. 13).

As a preliminary matter, with respect to Claimant's miscellaneous challenges, Claimant has failed to satisfy his duty to fully develop his arguments.[2]  See Shinseki v. Sanders, 556 U.S. 396, 409 (2009) (recognizing that lower courts "have correlated review of ordinary administrative proceedings to appellate review of civil cases . . ..  Consequently, the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." (collecting cases)); see also Garner v. Astrue, 436 F. App'x 224, 226 (4th Cir. 2011) (citing Shineski).  It is well settled that a Claimant's failure to fully support and develop an assignment of error wastes judicial resources and will be disregarded.  See Lemmonds v. Berryhill, No 3:16-CV-120-RLV-DCK, 2017 WL 9516603, at *5 (W.D.N.C. Feb. 21, 2017) (rejecting argument that ALJ erred in RFC assessment after recognizing "Plaintiff's lack of citation to the record, and failure to

---

[2] Candidly, given the layout of Claimant's brief, the Court had a difficult time determining the challenges Claimant attempts to raise.  Such miscellaneous challenges appear to include that the ALJ erred by failing to consider a written report authored by Dr. Emily Townes-Rowland, by failing to give adequate weigh to the findings of Dr. Townes-Rowland and Dr. Michael F. Fiore, by downplaying the severity of the findings of Dr. Antoinette Wall regarding Claimant's physical medical ailments, and by failing to give adequate weight to the evaluation of Dr. Mindy Pardoll. (Doc. No. 14, pp. 7-15).

specifically identify how the ALJ's decision on RFC was allegedly deficient;" and noting: "Plaintiff clearly disagrees with the ALJ's decision, but fails to offer any persuasive argument or authority that the ALJ did not follow the proper legal standards and/or did not rely on substantial evidence in reaching his determination."), aff'd 2017 WL 2864850 (July 5, 2017); Chandler v. Astrue, No. 1:11-CV-229, 2012 WL 5336216, at *3 (W.D.N.C. Oct. 2, 2012) (disregarding two alleged errors because Claimant failed to comply with the requirement that social security appeal briefs "'separately set forth each alleged error and contain legal authority supporting each'" alleged error) (quoting Pascoe v. Astrue, No. 1:11-CV-226, 2012 WL 3528054, at *3 n.2 (W.D.N.C. Jul. 23, 2012)), aff'd 2012 WL 530599 (W.D.N.C. Oct. 26, 2012); Jackson v. Colvin, No. 1:13-CV-00027, 2014 WL 4436034, at *4-5 (W.D.N.C. Sept. 9, 2014) (advising counsel that "'briefs with little to no legal authority or legal analysis . . . disrupt the Court's docket, do a disservice to counsel's client, and waste the resources of the Court"') (quoting Stines v. Colvin, No. 1:12-CV-00121, 2013 WL 4442032 at *5 (W.D.N.C. Aug. 16, 2013)); Willis v. Colvin, No. 2-12-CV-00011, 2014 WL 1400967, at *5 (W.D.N.C. Apr. 10, 2014) (disregarding assignments of error made by counsel that were unsupported by citations to relevant legal authority).

Here, Claimant has failed to support his miscellaneous challenges through citation to any legal authority. Indeed, with respect to certain challenges, Claimant appears to have forgotten to even address the issue in the argument section of his brief. See, e.g., (Doc. No. 14, p. 15) (briefly mentioning the findings of Dr. Wall and failing to "more specifically argue[]" this alleged error.) In any event, at most, Claimant's miscellaneous challenges merely ask the Court to reweigh the evidence or make credibility determination. (Doc. No. 14, p. 24) (asserting the ALJ erred in determining the evaluations of Dr. Mindy Pardoll were of "little probative value"). As set forth
6

above, it is not within this Court's province to conduct such analysis. See Hays, 907 F.2d at 1456. Accordingly, the Court disregards Claimant's undeveloped arguments.

In addition to Claimant's miscellaneous challenges, Claimant raises the following assignments of error to the ALJ's decision: (1) failure to provide a logical bridge between evidence and the conclusion that Claimant's testified limitations are not supported; (2) failure to properly evaluate VE testimony; and (3) failure to give proper weight to Claimant's Medicaid decision. The Court addresses each alleged assignment of error in turn.

**A. Logical Bridge**

In his first assignment of error, Claimant asserts the ALJ "failed to build an accurate and logical bridge between evidence presented and the conclusion that Claimant's testified limitations are not supported." (Doc. No. 14, p. 20). In this way, Claimant argues the ALJ's analysis of his mental impairments was not supported by substantial evidence and thus frustrates meaningful review. (Doc. No. 14, p. 22). Specifically, Claimant contends his vocationally significant functional capabilities are "far below" those of a "high school graduate," in contrast to the findings of the ALJ. Id. Other than a vague reference to evaluation by clinicians, however, Claimant relies entirely on his mother's testimony.[3] (See Doc. No. 14, pp. 20-23).

Because Claimant relies solely on his mother's testimony to support his argument, this first assignment of error appears to be yet another attempt to ask the Court to improperly reweigh the

---

[3] The relied upon testimony is as follows:

He can't handle being around people, he has anger issues, mentally unstable in stressfull (sic) situations, has hard time remembering certain times and dates of appointments. Christopher has a really hard time completing tasks around the house and getting himself ready to go places. He has trouble with falling and keeping his balance, talking to people and solving problems. He has problems staying healthy.

(Doc. No. 8-2, p. 400).

7

evidence. In any event, the Court finds the ALJ sufficiently built an accurate and logical bridge between the evidence presented and his conclusion that Claimant's testified limitations are not supported. See (Doc. No. 8-1, pp. 20-21, 27) (determining Claimant suffered from moderate mental impairments, but (1) "has received only conservative treatment for [his mental impairments];" was always noted to have normal mood and affect during his physical examinations; and that "[m]ental status examinations revealed that [Claimant] was depressed and anxious at times, and guarded or restless, however, his speech was normal, his memories were intact, his thought content and processes were intact, his judgment was fair to good and his insight was fair to good"). By analyzing Claimant's subjective complaints, treatment history, and explanation of how he arrived at his conclusion, the ALJ appropriately built an accurate and logical bridge from the evidence to his conclusion that Claimant had the RFC to perform work based on GED reasoning level 3, despite Claimant's mother's testimony.

**B. VE's Testimony**

Claimant also appears to assert the ALJ failed to resolve an apparent conflict between the VE's testimony and the DOT. At step five, the burden is on the Commissioner to prove, by a preponderance of the evidence, the claimant can "perform other work that 'exists in significant numbers in the national economy,' considering the claimant's [RFC], age, education, and work experience." Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015) (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429). It is well settled that the ALJ has an affirmative duty to identify conflicts between an expert's testimony and the DOT. Pearson, 810 F.3d at 209; see also Prochaska v. Barhnart, 454 F.3d 731, 735 (7th Cir. 2006) (noting that a claimant is not required to address an apparent conflict during the hearing, as this burden is solely on the ALJ). The Fourth

Circuit has further clarified that "an ALJ has not fulfilled his affirmative duty merely because the vocational expert responds 'yes' when asked if her testimony is consistent with the DOT." Pearson, 810 F.3d at 208 (cleaned up). If such a conflict arises, substantial evidence supporting the ALJ's decision must be elicited through an explanation that is "reasonable and provides a basis for relying on the testimony." Id. at 210.

In his brief, Claimant asserts there is an apparent conflict between the VE's testimony and the DOT. The testimony, however, shows no such conflict exists. After the VE was presented with hypotheticals, the ALJ asked the VE:

> Q  Your testimony involving such things is (sic) different classifications of climbing, demarcated stooping, a definition of low stress work, the social demands of work, and the need for leg elevation. Are those directly addressed in the DOT or its companion publications?
> A  No, Your Honor. They would be based on my education, training, and work experience.
> Q  So your testimony doesn't necessarily conflict with the DOT, you're just merely supplementing it with your professional knowledge for silent, vague, or even ambiguous (sic) on those particular [i]ssues?
> A  Yes.
> Q  So overall, are there any direct or even apparent conflicts between your testimony and the DOT or its companion publications?
> A  They (sic) are not.

(Doc. No. 8-1, p. 111). Thus, the ALJ determined, through a series of thorough questioning, that the VE's testimony supplemented—not conflicted with—the DOT. Therefore, with his questioning, the ALJ fulfilled his duty of establishing by a preponderance of the evidence that no conflict exists between the VE's testimony and the DOT.

Claimant similarly appears to argue the ALJ failed to account for Claimant's limitations in concentration, persistence, and pace ("**CPP**")—in violation of the requirements set forth in Mascio. (Doc. No. 14, p. 24). In Mascio, the Fourth Circuit determined "that an ALJ does not

9

account 'for a claimant's limitations in [CPP] by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011)). Accordingly, if applicable, the ALJ's RFC must include a limitation to simple, routine, repetitive tasks, as well as a limitation to work at a nonproduction pace or rate. See Allen v. Berryhill, No. 3:16-CV-00851-RJC, 2018 WL 1175231, at *4–5 (W.D.N.C. Mar. 6, 2018) (discussing cases, holding "non-production or non-assembly line pace limitations sufficiently account for a claimants' moderate limitation in CPP" absent evidentiary showing by claimant that greater restriction required).

Here, the ALJ's hypothetical involved an individual who could "concentrate, persist, and maintain pace to understand, remember, and carry out unskilled routine tasks in a low stress work environment that [was] define[d] as being free of fast-paced or team dependent production requirements." (Doc. No. 8-1, p. 103). The individual could "carry out instructions furnished in written, oral, or diagrammatic form." Id. The ALJ further explained the individual "could deal with problems involving several concrete variables in or from standardized situations and adapt to workplace changes." Id. Therefore, the ALJ did not simply limit the hypothetical to simple or unskilled work. The ALJ issued a comprehensive explanation regarding Plaintiff's ability to stay on task and, therefore, did not restrict the hypothetical to unskilled work. The Court finds no error in the ALJ's treatment of Plaintiff's limitations in CPP.

**C. Medicaid Decision**

Lastly, Claimant raises an assignment of error with respect to the ALJ's decision to give less than substantial weight to the North Carolina Department of Health and Human Services' ("**NCDHHS**") decision awarding Claimant Medicaid benefits. (Doc. No. 14, pp. 25-26). An ALJ

must consider as evidence the disability determination of another governmental agency, DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983); however, "[a] disability decision by another entity does not bind the SSA." Woods v. Berryhill, 888 F.3d 686, 691 (4th Cir. 2018). An ALJ may afford less than substantial weight to the disability decision of another governmental agency, including NCDHHS, if the ALJ provides "persuasive, specific, and valid reasons" for doing so. Id. at 692 (quoting McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002)).

Here, although the ALJ concluded that the NCDHHS' decision did not deserve "substantial weight," he adequately justified the deviation. First, the ALJ highlighted the fact that "the state hearing officer had limited medical evidence, and as a result, relied heavily on the claimant's subjective complaints." Id. Then, the ALJ found that the NCDHHS analysis was "vague," "incomplete," and "fundamentally different" than the Social Security rules and regulations. Id. Specifically, the ALJ explained, "there was no function-by-function assessment" of Claimant's "individual capabilities," nor a determination of "whether [Claimant] [wa]s able to perform either his past relevant work or other work that exists in significant numbers in the national economy," nor was "a vocational expert [] employed in reaching conclusions as to other work that claimant could perform." Id. Finally, the ALJ found "the medical evidence in support of the [NCDHHS] opinion [was] not consistent longitudinally." Id. Based on the foregoing, the Court finds the ALJ provided persuasive, specific, and valid reasons for affording NCDHHS' decision less than substantial weight. Accordingly, the ALJ did not commit error.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Claimant's Motion for Summary Judgment, (Doc. No 13), is DENIED; the Commissioner's Motion for Summary Judgment, (Doc. No. 15), is GRANTED; and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

Signed: September 23, 2022

Frank D. Whitney
United States District Judge